**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**JONATHAN SCROGGINS,**

    **Plaintiff,**

vs.                                                                  Case No. 4:20-CV-00156-WS-MAF

**SGT. J. SWINDLE,**
**et al.,**

    **Defendants.**
_____/

## **REPORT AND RECOMMENDATION**

Plaintiff, Jonathan Scroggins, an inmate proceeding *pro se* and *in forma pauperis*, initiated this civil rights action pursuant to 42 U.S.C. § 1983. ECF Nos. 1, 9. The amended complaint, ECF No. 11, was served upon Defendants. ECF Nos. 19, 22, 23. This cause is presently before the Court upon Defendants' "Motion to Dismiss Plaintiff's Complaint," asserting that Plaintiff failed to exhaust his administrative remedies, under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997(e)(a). ECF No. 28.

After careful review, the motion to dismiss should be GRANTED; and Plaintiff's claims against Defendant should be DISMISSED for the reasons stated below.

## I. Plaintiff's Complaint

Plaintiff sues Defendant Swindle, a sergeant, and Defendant Carter, a correctional officer, solely in their individual capacities. ECF No. 11, pp. 2-3. Both Defendants were employees at the Taylor Annex Correctional Institution in Perry, Florida on the day of the incident at issue. Id.

Plaintiff alleges that on December 26, 2019, he was sitting at a table in the dining hall to eat dinner when Carter came over and yelled at him to move to a different table. Id., p. 5. Plaintiff engaged in a conversation with Carter maintaining that he had not done anything wrong. Id. Swindle arrived, pushed Plaintiff, and grabbed him by the right wrist. Id. Plaintiff claims that, when he tried to pull away, Swindle grabbed Plaintiff's other wrist pulling Plaintiff closer and struck Plaintiff in the left ear with a closed hand. Id. Swindle "slam[m]ed . . . Plaintiff on the ground." Id. Carter did not attempt to stop the assault. Id. Another sergeant placed Plaintiff in hand restraints and took him to confinement. Id., p. 6.

Plaintiff states he talked to the "OTC" about the unlawful use of force. Id. Plaintiff claims there is video evidence of the incident. Id. Plaintiff received medical treatment and was then placed into a cell while he awaited his "disci[p]linary reports." Id. Another correctional officer arrived later and took pictures of Plaintiff's injuries: "a red and swollen ear" and wounds to his "right

hip and right shin." Id. Additionally, Plaintiff's ear was "clog[ged] for a few day[s]." Id.

Plaintiff states that he exhausted all remedies. Id. Plaintiff seeks a declaratory judgment stating Defendants violated his constitutional rights under the Eighth Amendment and $20,000 in compensatory damages for physical and emotional injuries. Id., p. 7.

## II. Standard of Review

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). Although legal conclusions can provide the framework of the complaint, they must be supported by factual allegations. Id. at 679. Detailed factual allegations are not required, but the complaint must offer more than "labels and conclusions" or "a formulaic recitation of the elements of the cause of

action." Twombly, 550 U.S. at 555 (citation omitted). The factual allegations must adequately "raise a right to relief above the speculative level." Id. (citations omitted). "The mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss." Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1261 (11th Cir. 2009) (citation omitted), *abrogated on other grounds by* Mohamad v. Palestinian Auth., 566 U.S. 449 (2012).

When considering a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and take the factual allegations therein as true. See Brooks v. Blue Cross & Blue Shield of Fla., Inc., 116 F.3d 1364, 1369 (11th Cir. 1997) (citing SEC v. ESM Grp., Inc., 835 F.2d 270, 272 (11th Cir. 1988)).

The PLRA requires a prisoner to exhaust his administrative remedies before filing a civil rights action. 42 U.S.C. § 1997(e); Porter v. Nussle, 534 U.S. 516, 524 (2002); Gould v. Owens, 383 F. App'x 863 (11th Cir. 2010). There is no discretion to waive this requirement. Id. The PLRA requires proper exhaustion in compliance with the procedural rules and deadlines of an institution's grievance system. Woodford v. Ngo, 548 U.S. 81 (2006). The exhaustion requirement "reduces the quantity and improve[s] the quality of prisoner suits" and affords prison officials the opportunity to address complaints internally before a Section 1983 case is filed. Porter, 534 U.S. at

525. This includes the filling of an appeal. Even if an appeal were futile, the requirement cannot be waived. Alexander v. Hawk, 159 F.3d 1321, 1325-26 (11th Cir. 1998).

The issue of whether a prisoner failed "to properly exhaust available administrative remedies under the PLRA should be treated as a matter in abatement." Bryant v. Rich, 530 F.3d 1368, 1374 (11th Cir. 2008). Such a "defense is treated 'like a defense for lack of jurisdiction,' although it is not a jurisdictional matter." Id. It is "not generally an adjudication on the merits." Id.

Ruling on a "motion to dismiss for failure to exhaust administrative remedies is a two-step process." Turner v. Burnside, 541 F.3d 1077, 1082 (11th Cir. 2008) (citation omitted). "First, the court looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's version of the facts as true." Id. "If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed." Id. (citing to Bryant, 530 F.3d at 1373-74).

"If the complaint is not subject to dismissal at the first step, where the plaintiff's allegations are assumed to be true, the court then proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion." Turner, 541 F.3d at 1082 (citing Bryant, 530 F.3d at 1373-74,

1376). The burden of proof for evaluating an exhaustion defense rests with the Defendant. Jones v. Bock, 549 U.S. 199, 216 (2007) ("We conclude that failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints."); Turner, 541 F.3d at 1082-83.

### III. Discussion

In their motion, Defendants assert that dismissal is warranted because Plaintiff failed to exhaust his administrative remedies as required under the PLRA. ECF No. 28, pp. 4-10. According to Defendants, Plaintiff did not file *any* grievances regarding the use of force; and he did not seek to have his disciplinary report convictions overturned. Id., p. 9. Defendants provide two affidavits in support. ECF Nos. 28-1, 28-2. First, Lawanda Sanders, an employee at the Central Office of the Florida Department of Corrections, attests that she reviewed the grievance records kept in Plaintiff's name and found there were "zero . . . requests" alleging excessive force on December 26, 2019. ECF No. 28-1. Second, Lisa Vaughn, a "sentence specialist" at the Santa Rosa Correctional Institution, attests that she reviewed Plaintiff's file and found "zero . . . requests" alleging excessive force on the date in question. ECF No. 28-2.

Case No. 4:20-CV-00156-WS-MAF

Simply stated, Plaintiff's failure to file any grievance bars relief here. Paragraph VII on the amended complaint form makes clear that the exhaustion of administrative remedies is required prior to the filing of a civil rights action. ECF No. 11, p. 8. The form warns a plaintiff that unexhausted claims "may be subject to dismissal." Id. In his complaint, Plaintiff represented to the Court that he did exhaust his administrative remedies, although he is not required to make the argument because exhaustion is an affirmative defense. Jones v. Bock, 549 U.S. 199, 216 (2007). Nonetheless, a prisoner's Section 1983 claims are procedurally defaulted when he fails to exhaust his administrative remedies. See Johnson v. Meadows, 418 F.3d 1152, 1159 n.1 (11th Cir. 2005). As Plaintiff was warned on the complaint form, ECF No. 11, he must exhaust his administrative remedies before seeking relief under Section 1983. Plaintiff has not presented any evidence to contradict Defendant's assertions. Therefore, Plaintiff's claims warrant dismissal.

Finally, Defendant filed the motion to dismiss on March 17, 2021. ECF No. 48. The Court issued an order informing Plaintiff he had until April 18, 2021, to file a response in opposition. ECF No. 29. The Court warned that failure to respond to the motion to dismiss may result in granting Defendants' motion "by default" pursuant to N.D. Fla. Loc. R. 7.1(H). Because Plaintiff

has not filed a reply, Defendants' motion may, alternatively, be granted by default.

## IV.  Conclusion and Recommendation

It is respectfully recommended that Defendants' Motion to Dismiss, ECF No. 28, be GRANTED on the merits for failure to exhaust administrative remedies pursuant to 28 U.S.C. § 1997(e) or, alternatively, by default for Plaintiff's failure to file a memorandum in opposition. N.D. Fla. Loc. R. 7.1(H). It is also recommended that the claims against Defendants be DISMISSED and that the case be closed.

IN CHAMBERS at Tallahassee, Florida, on April 26, 2021.

> s/ Martin A. Fitzpatrick
> **MARTIN A. FITZPATRICK**
> **UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).